denying plaintiff's motion to set aside the verdict and for a new trial, in an action to recover damages for defendant's failure to honor a stop-payment order of a check drawn by it, unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ., concur.

ELSIE POLAKOFF, Respondent, v. SAMUEL POLAKOFF, Appellant.— Judgment for plaintiff in a separation action awarding her ten dollars a week alimony and dismissing defendant's counterclaim modified by reducing the alimony to eight dollars a week. As so modified the judgment is unanimously affirmed, without costs. Conclusion of law numbered III is modified accordingly. No opinion. Present — Lazansky, P. J., Carswell, Scudder, Tompkins and Johnston, JJ.

IRVING POLLACK, Appellant, Respondent, v. THE MASTLY CORPORATION and Another, Respondents, Appellants.— Order, on reargument, granting plaintiff's motion for summary judgment, denying defendants' motion to dismiss the complaint, and granting defendants' motion for summary judgment on their set-off and counterclaim, and the judgment entered thereon pursuant to section 477 of the Civil Practice Act, reversed on the law, plaintiff's motion for summary judgment denied, defendants' motion to dismiss the complaint granted, defendants' motion for summary judgment denied, and the judgment vacated, without costs. Neither the complaint nor the counterclaim states facts sufficient to constitute a cause of action. Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK MONTAPERTO, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of the crime of unlawfully transporting and selling alcoholic beverages, unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

I. ROKEACH & SONS, INC., Respondent, v. HEBREW NATIONAL SOAP CORPORATION and Others, Appellants, and DAVID CARMEL, Defendant.— Judgment in favor of the plaintiff, permanently enjoining and restraining appellants from disposing of soap or any other products in cartons resembling those of the plaintiff, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ.

NAZEERA J. SALEEBY, Respondent, v. JOHN A. SALEEBY, Appellant.—Action by wife for separation on ground of cruelty and non-support. Judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

SAMUEL WEINSTEIN, Appellant, v. REALTY OPERATING COMPANY and Another, Respondents.—Action for a broker's commission on the sale of real estate. Judgment for defendants, entered on the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ.

MOSES WEISLER, Appellant, v. GEORGE E. ROSENLICHT, Respondent.—Action by client against an attorney for breach of contract and negligence. Judgment for defendant on the merits at close of plaintiff's case reversed on the law and a new trial granted, with costs to abide the event. The plaintiff's evidence presented a situation which required defendant to come forward with his explanation or defense. Lazansky, P. J., Carswell, Scudder, Tompkins and Johnston, JJ., concur.

CHARLES E. WENTZEL, Appellant, v. GEORGE L. HUBBELL and Others, Constituting the Board of Managers of Meadowbrook Hospital, and Others, Respondents.—Appeal from order denying motion for an injunction *pendente lite* restraining the award of a contract for X-ray equipment to other than the lowest bidder. Order affirmed, with ten dollars costs and disbursements.   (See *Matter of Standard X-Ray Co.* v. *Hubbell* [*ante*, p. 751], decided herewith.)   Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

FRIEDA WILDER, Respondent, v. ROGOW CONSTRUCTION CORPORATION and Others, Appellants, and CHEMICAL BANK AND TRUST COMPANY, Defendant.— Plaintiff sues for specific performance of an agreement and to impress a trust upon the proceeds of the sale of real property.   It is alleged that plaintiff's assignor and defendants Silverman, Mendelson and Mendelson Silverman, Inc., entered into an agreement whereby the former was to acquire, by assignment, a second mortgage then under foreclosure, covering property owned by defendant Mendelson Silverman, Inc.; that the pending foreclosure proceedings were to be completed by the then holder of the second mortgage, for the benefit of plaintiff's assignor and said defendants; that the property was to be purchased by plaintiff's assignor at a price not exceeding the amount of the second mortgage, interest and the expenses of foreclosure; that thereafter a corporation was to be formed, to which the bid was to be assigned or the property so acquired by plaintiff's assignor was to be conveyed, and plaintiff's assignor was to receive one-half of the capital stock of the corporation and defendants Mendelson and Silverman were each to receive one-quarter of the capital stock.   It is conceded the agreement was oral and it is not alleged plaintiff's assignor performed either in whole or in part.   The agreement is not a joint venture or partnership in reference to the sale and ownership of lands, but provides for the creation of an estate or interest in real property and, therefore, not being in writing, violates the Statute of Frauds.   (*Levy* v. *Brush*, 45 N. Y. 589; *Pounds* v. *Egbert*, 117 App. Div. 756.)   Order denying motion to dismiss the complaint reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.   Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

ESTHER ZELTZER, Respondent, v. SAMUEL ZELTZER, Appellant.— Order granting plaintiff's motion for the appointment of a receiver in sequestration proceedings affirmed, without costs.   No opinion.   Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

EMILY VAN METER, as Administratrix, etc., of JOSEPH H. VAN METER, Deceased, Appellant, v. JOHN ADAMS, Defendant, and THE VILLAGE OF OCEAN BEACH, INC., Respondent.—Action by plaintiff, as administratrix, to recover damages resulting from the death of her intestate through the alleged negligence of the defendant The Village of Ocean Beach, Inc.   Order setting aside a verdict in favor of the plaintiff and against defendant The Village of Ocean Beach, Inc., and dismissing the complaint as against said defendant unanimously affirmed, with costs.   No opinion.   Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ.

SOLOMON ADELMAN and GERTRUDE ADELMAN, Respondents, v. YORLER HOLDING CORPORATION, Appellant.— Motion for leave to appeal to Appellate Division denied, with ten dollars costs.   Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

■